Welcome back. Thank you, Your Honor. Thank you. Kara Hartzler, Federal Defenders, on behalf of Mr. Jones. The question in this case is whether Johnson invalidated Mr. Jones's sentence under the Armed Career Criminal Act, and I'd like to begin with the issue that the Court asked the parties to address. How does the Court's recent decision in Giosos apply to this case? Giosos said that the question of whether a sentence relied on Johnson is a factual finding that can't be sustained if the record is ambiguous. Here, as in Giosos, the record is ambiguous, but for slightly different reasons. If we look at the relevant period, the relevant part of the transcript, I think it's at, starts around supplemental excerpt of Record 76 and goes to about 87 or so. Starting at 76, the judge and the parties start debating the residual clause. They have a long colloquy about what is a risk, a risk of a risk, and when does it qualify as a risk. Then on page 83, the judge says, personally, I think that it would satisfy either clause. But then she says, I suppose it's safer to say that it would satisfy the residual clause. And then she says, then they go back to basically discussing the residual clause for a while. This is exactly the kind of situation where there's still ambiguity. And we recognize that, as the government has pointed out, the judge said it could satisfy either. But the problem is that in that situation, ultimately, we don't exactly know which one it was. And so one of them is going to be dicta. And I would also point out the fact that at that point... Can it be both? But I think one of the reasons it can't be is that at that time, if, for instance, the judge held, okay, well, it's both, and Mr. Jones wanted to challenge that and say, no, I don't think this falls under the force clause, he really didn't have a way to do it, because any error would have been harmless. And that's why I don't think it can be both. And that's why I think that ultimately the record here is ambiguous as it is in GSOs. So basically you're asking for a remand where the judge will say, when I said I think it could be either clause, I mean it could be either clause. Well, I don't think we can remand here. I think we just have to look at this as a factual finding, because, in fact, the sentencing court here, the judge has passed away. So I don't think that's possible. So I think it's just a question of does the record establish that as a factual matter this relied or could have relied on the residual clause. And I want to just read a quote from GSOs that says, had the sentencing court specified that a past conviction qualified as a violent felony only under the force clause, we would know that it rested on a constitutionally valid legal theory. Here, I don't think we can say that the judge rested only on the force clause. In fact, the majority of the transcript shows that it didn't. I would characterize this as basically district court dicta, because there was no, you know, citation to an authority saying, yes, this falls under the force clause. It was almost all about the residual clause. And in that situation, I just don't think that we can say that it's clear enough, or as in GSOs, the question was, well, is there any suggestion? Could it have relied on the residual clause? And I think the transcript here is absolutely clear, yes, it could have, because they talked about it a lot. They talked about it a lot more than the force clause, frankly. Now, one of the other arguments that the government has raised and that GSOs talked about is, can you look at the relevant legal background? And the government has cited the court's decision in David H., which came out two months before, but that was under an entirely different statute. It was under the Federal Juvenile Delinquency Act. And in a recent published decision that just came out within the past couple weeks, this Court said, no, David H., actually, we don't look to that, because that is a different statute. And that is the case that we did the 28-J on. It's called Walton, and that came out on February 1st. So I think following this Court's published decision in that case, David H. really wasn't indicative. The other reason I think David H. is not controlling here is because in 2015, this Court in Dixon held that this California robbery statute here, 211, is not categorically satisfying the force clause. And so in order for Dixon to have that holding, it would have had ‑‑ it couldn't have reached that conclusion if David H. actually was good law that applied in this context. The other point I would just make is that because this is a factual finding, we know from the record that neither the district court nor either of the parties ever mentioned David H. So because it's a factual finding, I also don't think that we can rely on David H. here. I was going back to my notes about SELFA. Did you take a look at that? And where does that figure in here? So I don't think that figures into the ACCA. I think it figures into the 924C. And at this point, we do acknowledge, Your Honor, that there's case law against us saying that for purposes of Mr. Jones' 924C, the relevant conviction was bank robbery under 2113. And we recognize that the Court currently holds that that is a force clause crime of violence. Obviously, I think there was a recent decision called Watson on that. And obviously, we'll preserve it for any sort of en banc or Supreme Court. But at this point, I think we're only looking at the ACCA. So because of that, I think then the question is, was California 211, could it have fallen under the residual clause? It couldn't have. Because it could not have, then the next question is, it could have only relied on the residual clause, thus Mr. Jones is eligible for relief. And if the Court has no further questions at this point, I'll reserve the remainder. Thank you. Good morning, and may it please the Court. Helen Hong on behalf of the United States. The record allows us in this case to determine that the Court relied on a valid ground in sentencing Mr. Jones as an armed career criminal. And that's essentially because the District Court made special verdict findings. Instead of concluding that PC-211 and 664 attempted robbery was just a crime under the residual clause, the District Court did both, and in effect provided a special verdict for this Court to know that there is a valid ground on which this Court may affirm Mr. Jones' sentence. The Court said at SER 83 that she thought and believed that attempted robbery involved the attempted or threatened use of force. And that followed a long discussion that the Court had about California attempt law. And the Court discussed how California attempt law, in her view, required in effect a dangerous proximity to success. So if you look at the supplemental excerpts of record where the Court is discussing the CALJIC, the California jury instructions on attempt, the Court says you have to get awfully close to the completed robbery under California law in order to be convicted of an attempt. That's at SER 78. She then wed that discussion with what robbery required. And what Judge Keepe said was robbery does require a taking by force, in effect a use or threatened use of force. Then wedding those two concepts together, what the judge concluded was that attempted robbery required the attempted use of force. And in fact, the judge said specifically at SER 83, but the way that they define it, I think attempted robbery is an attempted use of physical force against the person or another, or threatened use of physical force against the person of another sufficient to withstand either one or two. Under this Court's application of the Stromberg principles as articulated in Geozo's, that is adequate for this Court to conclude that the sentence need not be set aside because it can possibly, this Court can possibly conclude that the Court relied on a valid ground in sentencing the defendant. If there is any ambiguity on that point, the Court at SER 87 made clear what its holding was. It said at SER 87, so I hold that attempted robbery under, as California defines it, is in fact a predicate violent felony under 18 U.S.C. 1924 E, either one or two. It provided a special verdict form indicating that Mr. Jones was a violent felon because attempted robbery was both a forced-clause offense as well as a residual-clause offense. I want to address this Court's question about United States v. SELFA. It is actually relevant in this ACCA context as well. So part from David H., which was decided in July 1994, the background legal principles that animated the District Court included United States v. McDoherty. And that was a decision decided in 1997, constituted a crime of violence within the meaning of the sentencing guidelines. And there, although McDoherty is principally cited for the proposition that it said that robbery is a residual-clause offense, the discussion in McDoherty also concluded that robbery is an elements or forced-clause offense. And what the Court did was refer to SELFA and say, we've concluded a similar statute, 18 U.S.C. 2113A, is a crime of violence under the forced-clause. And that's what McDoherty decided. And they said, as a result, robbery under PC-211 is also a crime of violence. That was in the forced-clause discussion. So SELFA, as well as McDoherty, does provide some background law. But I don't think background law is required in this context. What GIOZOS and what other circuits have concluded is if the record is ambiguous or unclear, then you can look at the background context of the law to determine what the Court decided. But that doesn't mean if, for example, the Court decided as a matter of first impression, when there was no law, I conclude categorically that this is a crime of violence, that the absence of background law would somehow undermine the Court's factual finding. The Court, in this case, extended itself to make a factual finding that attempted robbery is a crime of violence under the forced-clause because it involves the attempted use of force. Under GIOZOS, as well as any of the other tests that the other circuits have articulated, for example, the 1st, the 11th, the 10th, the 5th, or the 4th, under all of those tests, the United States submits that Mr. Jones would be denied his right to collaterally attack his family. The District Court properly denied Mr. Jones' petition and requests that this Court affirm. Unless the Court has any other questions on any of the other issues, I can address whether the sentencing enhancements are elements and why California law required the use of force. But because this is a dispositive issue, the United States would submit unless the Court has any other questions. Thank you. My colleague has relied on page 87 of the supplemental excerpt of record, and I just want to read the full quote because I think it's very instructive. So the District Court said, and when you combine that, the fact that it's in motion but it fails because it's interrupted or prevented or fails, and what fails or is interrupted or prevented is in fact the taking against the will by forced violence, fear, or intimidation of the property of another. I think it's clear that that's a risk and not a risk of a risk. In other words, while my colleague is characterizing this as a discussion of the force clause, the fact that the District Court then goes on and says that's a risk and not a risk of a risk shows that the District Court was actually talking about the residual clause. So we would respectfully disagree with opposing counsel that that was a discussion of the force clause. I think also that that sort of undermines the idea that the District Court was coming to its own independent conclusion that this satisfied the force clause by relying on any kind of authority. While Ms. Hong has stated that we could look to and frankly we would agree with the government on this, that the background law isn't necessarily relevant in this case because we know also that the District Court didn't rely on McDowery. We know the District Court didn't rely on David H. And so because we know that and because GSO says that this is ultimately a factual finding, what we need to look at and what's most important here is the question, could the District Court have relied on the residual clause? And the answer is absolutely. In fact, the District Court relied on the residual clause almost throughout the entire hearing. And if the Court has no further questions, we'll submit. Thank you. Thank you, Your Honor. Thank both of you both for the arguments and the briefing. I know you're becoming experts on the residual clause as are we over time. So thank you very much. The case of United States v. Jones is submitted and that concludes our arguments for this morning. Thank you.
judges: McKeown, Wardlaw, Quist